**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **FRANK FRANCO**, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | CASE NO. _____ |
| v. ) ) | |
| **COLLECTO, INC. D/B/A EOS CCA,** and **US ASSET MANAGEMENT INC,** ) ) ) ) ) | **CLASS ACTION COMPLAINT** |
| Defendants. ) | **JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

**INTRODUCTION**

Plaintiff, Frank Franco (hereafter also referred to as "Plaintiff" or "Franco"), brings this action individually and as a class action against Collecto, Inc. D/B/A EOS CCA (hereafter also referred to as "Collecto") and US Asset Management Inc. (hereafter also referred to as "Asset") (Collecto and Asset hereafter also collectively referred to as "Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter also referred to as "FDCPA").  The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices in their debt collection activities and also requires debt collectors to provide debtors with certain information.

Specifically, Plaintiff alleges that Defendants are debt collectors who, through debt collection letters (hereafter also referred to as "dunning letters"), attempted to collect alleged defaulted consumer debts from Plaintiff and the Classes by adding and threatening to add an

unauthorized amount of money in the form of interest and fees/collection costs that were not expressly authorized by the agreement creating the debt or permitted by law.

Additionally, Plaintiff alleges that Defendants are debt collectors who attempted to collect alleged defaulted consumer debts from Plaintiff and the Classes, through dunning letters, while not registered in the State of Rhode Island as debt collectors pursuant to the Rhode Island Fair Debt Collection Practices Act, R.I.G.L. § 19-14.9-1, *et seq.* (hereafter also referred to as "RIFDCPA")

Plaintiff seeks redress in the form of actual damages, statutory damages, attorney fees, costs, injunctive relief, declaratory relief, and such other relief at law or equity as the court may deem just and proper on his own behalf and on behalf of the identified Classes against Defendants. Plaintiff alleges the following upon personal knowledge as to his own acts, and upon information and belief based on the investigation conducted by Plaintiff's Counsel, as to all other matters:

## JURISDICTION AND VENUE

1.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which grants this Court original jurisdiction pursuant to a federal question relating to federal claims herein that arise under the FDCPA. Subject matter jurisdiction also arises under 15 U.S.C. § 1692k(d) of the FDCPA, which indicates that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

2.   Venue for this action properly lies in this District pursuant to 28 U.S.C. § 1391(b) as the named Defendants are entities that have their principal place of business in this District.

## PARTIES

3. Plaintiff, Frank Franco, is a natural person who at all relevant times relating to the allegations in this class action complaint resided in the State of Rhode Island.

4. Defendant, Collecto Inc. D/B/A EOS CCA, is a Massachusetts entity with its principal place of business located at 700 Longwater Drive, Norwell, Massachusetts.

5. Defendant, US Asset Management Inc., is a Massachusetts entity with its principal place of business located at 700 Longwater Drive, Norwell, Massachusetts.

## NATURE AND PURPOSE OF FDCPA

6. Congress found abundant evidence of "abusive, deceptive, and unfair debt collection practices by debt collectors" and enacted the FDCPA to eliminate such practices.

7. The FDCPA prohibits debt collectors, such as Defendants, from engaging in abusive, deceptive and unfair debt collection practices in their debt collection activities arising from Defendants' improper actions and conduct in connection with the attempt to collect alleged defaulted consumer debts from Plaintiff and the Classes.

8. The FDCPA is a comprehensive statute, which prohibits broad categories of debt collection activities.  In addition to broad categories of prohibitions of debt collectors' actions, the FDCPA enumerates several specific actions that debt collectors are prohibited from taking. Additionally, the FDCPA requires debt collectors to provide debtors with certain information.

9. A debt collector violates 15 U.S.C. § 1692e of the FDCPA if the debt collector engages in any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including: falsely representing "the character, amount, or legal status of any debt"; uses any "false representation or deceptive means to collect or attempt to collect any debt; or, communicates "to any person credit information which is known or which should be

known to be false."

10. A debt collector violates 15 U.S.C. § 1692f of the FDCPA if the debt collector uses "unfair or unconscionable means to collect or attempt to collect any debt", including "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

11. A debt collector violates 15 U.S.C. § 1692g(a) of the FDCPA if the debt collector does not provide send the consumer a written notice indicating the "amount of the debt" owed by the consumer.

12. The FDCPA is a strict liability statute, where a consumer does not need to show intentional conduct by a debt collector in order for debt collector liability to arise. The FDCPA is construed liberally in favor of the consumer and is usually interpreted by Courts in accordance with the "least sophisticated" consumer standard.

13. 15 U.S.C. § 1692k of the FDCPA imposes civil liability on any person or entity that violates its provisions and any debt collector who fails to comply with the provisions of the FDCPA can be held liable for actual damages, statutory damages, attorney fees and costs.

**REGISTRATION REQUIREMENTS OF THE RHODE ISLAND FAIR DEBT COLLECTION PRACTICES ACT**

14. Under R.I.G.L. § 19-14.9-3(5) of the RIFDCPA, a debt collector is defined as "any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

15. Defendants often purchase, or claim to purchase, or otherwise obtain alleged defaulted consumer debts from Plaintiff and the Classes. Defendants are entities that, in the

ordinary course of business, regularly collect or attempt to collect, directly or indirectly, alleged defaulted consumer debts from Plaintiff and the Classes. Defendants regularly use the mails to collect such alleged defaulted consumer debts from Plaintiff and the Classes.

16. Under R.I.G.L. § 19-14.9-12 of the RIFDCPA, Defendants were required to register, with the Rhode Island Department of Business Regulation, in order to act as debt collectors at the time they engaged in debt collection activities in the State of Rhode Island.

## APPLICATION OF THE FDCPA AND THE RIFDCPA

17. Plaintiff and the members of the putative Classes, are "consumers" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA and in R.I.G.L. § 19-14.9-3(1) of the RIFDCPA.

18. Plaintiffs and members of the putative Classes incurred consumer debts to AT&T Mobility (hereafter also referred to as "AT&T") relating to consumer purchases primarily for family, personal or household purposes (hereafter also referred to as "Debts").

19. Defendants, are "debt collectors" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA and in R.I.G.L. § 19-14.9-3(5) of the RIFDCPA.

20. Defendants attempted to collect Debts and as such engaged in "communications" as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA.

21. Defendants have acted and continue to act in the business of a debt collector by regularly attempting to collect Debts.

## PLAINTIFF'S EXPERIENCE

22. Plaintiff incurred a Debt to AT&T relating to consumer purchases primarily for family, personal or household purposes.

23. On or about December 28, 2012, Defendants mailed a "dunning letter" to Plaintiff seeking to recover the Debt.

24.     The amount of the Debt as indicated in the December 28, 2012 dunning letter was a total of $ 2,699.02, which consisted of $ 1,683.89 in Principal, $712.01 in Interest, and $ 303.12 in Fees/Collection Costs.

## CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action on behalf of himself and the following defined Classes pursuant to Fed. R. Civ. P. 23:

**CLASSES:**

(A) **ADDING AND THREATENING TO ADD AN UNAUTHORIZED AMOUNT OF MONEY IN THE FORM OF INTEREST AND FEES/COLLECTION COSTS:**

All persons, with addresses in the State of Rhode Island, from whom Defendants in connection with Defendants' actions in their attempts to collect Debts from Plaintiff and the Class by adding and threatening to add an unauthorized amount of money in the form of interest and fees/collection costs that were not expressly authorized by the agreement creating the debt or permitted by law, via a form collection letter substantially similar to the form collection letter, attached as Exhibit "A".

(B) **FAILURE TO REGISTER:**

All persons, with addresses in the State of Rhode Island, from whom Defendants attempted to collect Debts from Plaintiff and the Class while Defendants were not registered pursuant to the registration provisions of the RIFDCPA.

26.     Excluded from the Classes are Defendants: any parent, subsidiary, or affiliate of Defendants or any employees, officers, or directors of Defendants; legal representatives, successors, or assigns of Defendants; and any justice, judge or magistrate judge of the United States who may hear the case, and all persons related to any such judicial officer, as defined in 28 U.S.C. § 455(b).

27.     **Numerosity.** Upon information and belief, the members of the putative Classes are numerous and dispersed such that joinder of all members is impracticable.

The exact number of Class members of each class is unknown, but can be determined from, including but not limited to, Defendants' computerized and other records.

28.     **Commonality.**     There are questions of law and fact that are common to all members of the putative Classes which questions predominate over any question affecting only an individual Class member.  The members of the putative Classes were and continue to be subjected to the same practices of the Defendants.  The common questions and principal common issues raised by Plaintiff's claims include:

    a.  whether Defendants are debt collectors pursuant to the FDCPA;

    b.  whether Defendants are debt collectors pursuant to the RIFDCPA;

    c.  whether Defendants are required to register pursuant to the registration provisions of the RIFDCPA;

    d.  whether Defendants routinely attempted to collect Debts while failing to have a valid registration pursuant to the registration provisions of the RIFDCPA;

    e.  whether Defendants by adding and threatening to add an unauthorized amount of money in the form of interest and fees/collection costs that were not expressly authorized by the agreement creating the Debt or permitted by law, via a form collection letter substantially similar to the form collection letter, attached as Exhibit "A";

    f.  whether Plaintiff and the members of the putative Classes have been damaged as a result of the alleged violations of the FDCPA, and if so what is the appropriate damage relief for Defendants' violations;

    g.  the nature and extent of any other remedies and relief to which Plaintiff and the members of each Class are entitled.


29. **Typicality.** Plaintiff's claims are typical of the claims of all of the other members of the putative Classes, because his claims are based on the same legal and remedial theories as the claims of the members of the putative Classes and arise from the same course of conduct by Defendants.

30. **Adequacy.** Plaintiff will fairly and adequately protect the interest of all members of the putative Classes in the prosecution of the action and in the administration of all matters relating to the claim stated herein.  Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the putative Classes he seeks to represent.  Plaintiff has retained counsel experienced in handling class action lawsuits.  Neither Plaintiff nor his counsel has any interest which might cause them not to vigorously pursue this action.

31. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since individual joinder of the members of each Class is impracticable.  Even if individual Class members were able to afford individual litigation, it would be unduly burdensome to the Courts in which the individual litigation would proceed.  Defendants have subjected all the members of the putative Classes to the same violations of the FDCPA.  Accordingly, class certification is appropriate under Rule 23 because common issues of law and fact regarding Defendants' uniform violations of the FDCPA predominate over individual issues, and class certification is a superior method of resolving these claims.  No unusual difficulties are likely to be encountered in the management of the action as a class action.  Defendants have acted and continue to act in a manner that is generally applicable to all members of the putative Classes making final injunctive relief appropriate.

**CAUSES OF ACTION**

**Violation of the FDCPA, 15 U.S.C. § 1692e**

32. Plaintiff, on behalf of himself and the Classes, hereby incorporates by reference all of the allegations contained in all of the preceding paragraphs of this complaint as though fully stated herein.

33. A debt collector violates 15 U.S.C. § 1692e of the FDCPA if the debt collector engages in any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including: falsely representing "the character, amount, or legal status of any debt"; uses any "false representation or deceptive means to collect or attempt to collect any debt; or, communicates "to any person credit information which is known or which should be known to be false."

34. Specifically, in connection with Defendants' actions in their attempts to collect Debts from Plaintiff and the Classes by adding and threatening to add an unauthorized amount of money in the form of interest and fees/collection costs, Defendants used "false, deceptive, or misleading representation or means in connection with the collection of any debt," in violation of 15 U.S.C. § 1692e of the FDCPA.

35. Specifically, in connection with engaging in debt collection activities in the State of Rhode Island while not registered as debt collectors pursuant to the RIFDCPA, Defendants used "false, deceptive, or misleading representation or means in connection with the collection of any debt," in violation of 15 U.S.C. § 1692e of the FDCPA.

36. A debt collector violates 15 U.S.C. § 1692e(2)(A) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including, "falsely representing the character, amount, or legal status

of any debt."

37. Specifically, in connection with Defendants' actions in their attempts to collect Debts from Plaintiff and the Classes by adding and threatening to add an unauthorized amount of money in the form of interest and fees/collection costs, Defendants falsely represented the debt's character, amount, or legal status in violation of 15 U.S.C. § 1692e(2)(A) of the FDCPA.

38. A debt collector violates 15 U.S.C. § 1692e(8) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including communicating "to any person credit information which is known or which should be known to be false."

39. Specifically, in connection with Defendants' actions in their attempts to collect Debts from Plaintiff and the Classes by adding and threatening to add an unauthorized amount of money in the form of interest and fees/collection costs, Defendants communicated "to any person credit information which is known or which should be known to be false" in violation of 15 U.S.C. § 1692e(8) of the FDCPA.

40. A debt collector violates 15 U.S.C. § 1692e(10) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including, "any false representation or deceptive means to collect or attempt to collect any debt."

41. Specifically, in connection with Defendants actions in their attempts to collect Debts from Plaintiff and the Classes by adding and threatening to add an unauthorized amount of money in the form of interest and fees/collection costs, Defendants actions constituted the use of "any false representation or deceptive means to collect or attempt to collect any debt." in violation of 15 U.S.C. § 1692e(10) of the FDCPA. Defendants used false representations and/or

deceptive means in an attempt to collect a debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

42. Specifically, in connection with engaging in debt collection activities in the State of Rhode Island while not registered as debt collectors pursuant to the RIFDCPA, Defendants actions constituted the use of "any false representation or deceptive means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692e(10) of the FDCPA. Defendants used false representations and/or deceptive means in an attempt to collect a debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

43. Defendants' routine practice of attempting to collect Debts from Plaintiff and the Classes, by adding and threatening to add an unauthorized amount of money in the form of interest and fees/collection costs, violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), and 1692e(10) of the FDCPA.

44. Defendants actions in connection with engaging in debt collection activities in the State of Rhode Island while not registered as debt collectors pursuant to the RIFDCPA violates 15 U.S.C. §§ 1692e and 15 U.S.C. § 1692e(10) of the FDCPA.

## Violation of the FDCPA, 15 U.S.C. § 1692f

45. Plaintiff, on behalf of himself and the Classes, hereby incorporates by reference all the allegations contained in all of the preceding paragraphs of this complaint as though fully stated herein.

46. A debt collector violates 15 U.S.C. § 1692f of the FDCPA if the debt collector uses "unfair or unconscionable means to collect or attempt to collect any debt", including "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the

debt or permitted by law."

47. Specifically, in connection with Defendants actions in their attempts to collect Debts from Plaintiff and the Classes by adding and threatening to add an unauthorized amount of money in the form of interest and fees/collection costs, Defendants used "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f of the FDCPA.

48. Specifically, in connection with engaging in debt collection activities in the State of Rhode Island while not registered as debt collectors pursuant to the RIFDCPA, Defendants engaged in "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f of the FDCPA. Defendants violated 15 U.S.C. § 1692f of the FDCPA when Defendants used unconscionable means in an attempt to collect the alleged defaulted consumer credit card debt while failing to have a valid registration pursuant to the registration provisions of the RIFDCPA. Specifically, in connection with engaging in debt collection activities in the State of Rhode Island while not registered as debt collectors pursuant to the RIFDCPA, Defendants used unfair and unconscionable means in an attempt to collect a debt in violation of 15 U.S.C. § 1692f of the FDCPA.

49. A debt collector violates 15 U.S.C. § 1692f(1) of the FDCPA if the debt collector engages in "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

50. Specifically, in connection with Defendants' actions in their attempts to collect Debts from Plaintiff and the Classes by adding and threatening to add an unauthorized amount of money in the form of interest and fees/collection costs, that was not expressly authorized by the

agreement creating the debt or permitted by law, Defendants engaged in "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) of the FDCPA.

51. Defendants' routine practice of attempting to collect Debts from Plaintiff and the Classes, by adding and threatening to add an unauthorized amount of money in the form of interest and fees/collection costs that was not expressly authorized by the agreement creating the debt or permitted by law, violates 15 U.S.C. §§ 1629f and 1692f(1) of the FDCPA.

52. Defendant's routine practice of engaging in debt collection activities in the State of Rhode Island while not registered as debt collectors pursuant to the RIFDCPA violates 15 U.S.C. § 1629f of the FDCPA.

**Violation of the FDCPA, 15 U.S.C. § 1692g(a)(1)**

53. Plaintiff, on behalf of himself and the Classes, hereby incorporates by reference all of the allegations contained in all of the preceding paragraphs of this complaint as though fully stated herein.

54. A debt collector violates 15 U.S.C. § 1692g(a)(1) of the FDCPA if the debt collector falsely states the "amount of the debt" in their attempt to collect Debts from Plaintiff and the Classes.

55. Specifically, in connection with Defendants' actions in their attempts to collect Debts from Plaintiff and the Classes by adding and threatening to add an unauthorized amount of money in the form of interest and fees/collection costs, Defendants falsely stated the "amount of the debt" in their attempt to collect Debts from Plaintiff and the Classes in violation of 15 U.S.C. § 1692g(a)(1) of the FDCPA.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and the Classes request the following relief:

1. An order certifying that the action is properly brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff be appointed as Class Representative of the Classes, and that Plaintiff's counsel be appointed Class Counsel;

2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA;

3. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA;

4. An injunction preventing Defendants from continuing the unlawful conduct alleged herein;

5. Declaratory relief;

6. An award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA; and

7. Such other relief at law or equity as the court may deem just and proper.

DATED: December 28, 2013

/s/ John T. Longo
_____
John T. Longo, Esq.
BBO # 632387
Citadel Consumer Litigation, P.C.
681 Smith Street, Suite 201
Providence, RI  02908
Tel: (401) 383-7550
Fax: (401) 537-9185
jtlongo@citadelpc.com

Additional Counsel:

Peter N. Wasylyk (RI Bar # 3351)
LAW OFFICES OF PETER N. WASYLYK
1307 Chalkstone Avenue
Providence, Rhode Island 02908
401-831-7730 (telephone)
401-861-6064 (facsimile)
E-Mail:pnwlaw@aol.com